STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. BENJAMIN HARRISON, PLAINTIFF IN ERROR.

Submitted May 17, 1930—Decided January 16, 1931.

214

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the plaintiff in error, *Hobart & Minard* (*George S. Hobart,* of counsel).

For the defendant in error, *Joseph L. Smith,* prosecutor of the pleas, and *Simon L. Fisch,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. This writ was sued out to review a conviction of the plaintiff in error (hereinafter called the defendant) on a charge of manslaughter alleging that on July 1st, 1929, in the town of Belleville, Essex county, the defendant did feloniously kill and slay John Goble. The defendant brings up the entire record of the proceedings had

upon the trial and assigns error on his bill of exceptions, and also specifies causes for reversal under sections 136 and 137 of the Criminal Procedure act.

The indictment was based upon a grade crossing accident at Rutgers street, Belleville. This street crosses the tracks of the Erie Railroad Company at grade.

At the time of the accident the defendant was employed by the railroad company as a crossing gateman. The state claimed that the death of Goble was due to gross negligence on the part of the defendant in failing to lower the crossing gates for an approaching train, as a result of which Goble drove upon the tracks in his automobile and was struck and killed by the train.

The trial court denied motions for direction of a verdict made at the close of the state's case, and at the conclusion of the entire case, and permitted the jury to consider whether the evidence showed gross negligence on the part of the defendant, saying:

"The elements of the crime as charged in the indictment, and as the prosecution now claims to have been proven beyond a reasonable doubt, are four in number: First, a plain legal duty from defendant to the deceased. Second, neglect or failure of that duty to an extent amounting to gross negligence; in other words, negligence evincing a reckless indifference to or disregard of human life. Third, that the injuries received by the deceased were the result of this gross negligence, and were the proximate, regular, likely and natural consequences thereof. Fourth, that the deceased came to his death by reason of such injuries."

It was contended below and is argued here that the court erred in refusing to direct a verdict for the defendant upon the ground that the state failed to prove that there was neglect or failure of defendant's duty to an extent amounting to gross negligence.

The defendant points out that the trial court charged that the alleged neglect or failure of duty on the part of the defendant must be negligence "evincing a reckless indifference to or disregard of human life," and he argues that there was

no evidence justifying the jury in finding gross negligence as thus defined. We think that there was.

The state's case fairly tended to show the following matters of fact:

The defendant was employed by the railroad company as a crossing watchman. The accident happened on July 1st, 1929, at seven twenty-five P. M., on a clear day. At the Rutgers street crossing there were double crossing gates on each side of a single track railroad. These gates were operated from a tower which was elevated about fifteen feet above the ground, and the defendant was employed to operate the gates at the time of the accident. This tower was located on the westerly side of the tracks and on the northerly side of the street. There was a signal bell in this tower which, by means of an electric connection, warned the operator of the approach of the train, and to lower the gates, and that was the only purpose of this warning. On the occasion in question the defendant was warned of the approach of the train when it was about nine hundred feet west of the crossing and two minutes before it reached the crossing. Instead of lowering the gates, as his duty to the railroad company and to the public required him to do, he failed and neglected to lower them, although he saw Goble, the decedent, approaching the crossing in his automobile when Goble was about one hundred and twenty-five feet away. The result was that Goble was hit by the train and killed. Certainly such failure of duty justified a finding of gross negligence. *State* v. *O'Brien,* 32 *N. J. L.* 169, 172; *State* v. *Blaine,* 104 *Id.* 325.

The defendant said at the trial and now contends that he started to lower the gates when the train was two hundred feet away, but checked them when they were half way down in order to let Goble and other automobiles cross. But the jury was justified in disregarding that testimony because the great weight of the evidence was that the gates were not moved at all, and remained in an upright position.

It is argued that the defendant's failure to lower the gates should be excused because of the reckless driving of Goble and other users of the highway. It may well be doubted

that there was any evidence of reckless driving. Certainly the weight of the evidence was that there was no reckless driving which presented a reason for the defendant's failure to perform his duty.

The defendant also contended at the trial and now contends that the judge erred in refusing to direct a verdict for the defendant upon the ground that the negligence of the defendant was not the proximate cause of the death of Goble.

We think not. The defendant argued that the evidence tended to show that the crossing bell at the street crossing was not ringing at the time of the accident. If we assume that it was not ringing it was because it was out of order, and the uncontradicted testimony was, and the defendant admitted, that he knew that it was and had been out of order for a considerable time.

It is contended, as permitted by chapter 349 of laws of 1921, that the verdict was against the weight of the evidence. We find that it was not.

Lastly, it is urged that the state failed to prove the defendant's guilt beyond a reasonable doubt. But that contention we are not authorized to consider. When, as here, under the act of 1921, the entire record in a criminal case has been brought up with the writ of error, and it appears to the reviewing court, from a consideration of the entire evidence, that the verdict is not against the weight of the evidence, the court will not go further and consider whether the defendant was guilty beyond a reasonable doubt. The reason for such rule is stated in *State* v. *Fischer,* 97 *N. J. L.* 34; *affirmed,* 98 *Id.* 293. See, also, *State* v. *Treficanto,* 106 *Id.* 344.

The judgment will be affirmed.